## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SOUTH STATE, INC,**<br>                    **Plaintiff,**<br><br>      **v.**<br><br>**IRM OFFSHORE AND MARINE<br>ENGINEERS PRIVATE LIMITED and<br>KIRTI INTERNATIONAL, INC.**<br>                    **Defendant.** | CIVIL CASE NO:<br><br>      CIVIL ACTION |

### COMPLAINT

Plaintiff South State, Inc. ("SSI") brings this Complaint against Defendant IRM Offshore and Marine Private Limited ("IRM") and Defendant Kirti International, Inc. ("Kirti"), and states as follows:

### THE PARTIES

1.      SSI is a New Jersey corporation with a principal place of business located at 202 Reeves Road, Bridgeton, New Jersey and thus is citizen of the State of New Jersey.

2.      IRM is an Indian corporation with a principal place of business at 707 Nandoli Road, Village Rancharda, Via Thaltej-Shiliaj, Ahmedabad 382 115, Gujarat, India and thus is the citizen of a foreign state.

3.      Kirti is a Texas corporation with a principal place of business at 2705 61st Street, Suite D, Galveston, Texas 77551, and thus is a citizen of the State of Texas.

## VENUE AND JURISDICTION

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the case involves a controversy between citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district and because the parties specifically consented to the exclusive jurisdiction of this Court.

## FACTS COMMON TO ALL COUNTS

### Background

6.      The Port of Philadelphia ("PhilaPort") awarded SSI a contract for general construction on the project known as the Packer Avenue Marine Berths 1-3 Infrastructure Improvements in Philadelphia, Pennsylvania (the "Project"), which incorporated therein the bidding specifications (the "Specifications") issued by PhilaPort for the Project.

7.      Among other things, the Specifications require the supply and installation of a fender system on the wharf piers at the port (the "Fenders").

8.      At all relevant times, IRM purported to manufacture Fenders that met the Project Specifications.

9.      Upon information and belief, at all relevant times, Kirti acted as an agent, distributor, and/or subsidiary of IRM, and IRM and Kirti were the alter-egos of one another, acted in concert with one another, and/or otherwise conducted their business in a manner such that each is jointly and severally liable for the conduct of the other.

The SSI-IRM/Kirti Contract

10.     On or about May 16, 2019, IRM provided a price quotation to SSI to manufacture, test, and deliver the Fenders for the total price of $1,106,350.00.   A true and correct copy of the quote is annexed hereto as Exhibit A.

11.     The IRM quotation is signed by Dharmesh Patel on behalf of IRM.

12.     However, the quotation was not signed nor accepted by SSI.

13.     Thereafter, SSI issued a purchase order 19-005-21 to IRM, through Kirti, to purchase the Fenders for a total price of $1,106,350.00 (the "PO").   A true and correct copy of the PO is annexed hereto as Exhibit B.

14.     On May 22, 2017, Dharmesh Patel on behalf of IRM/Kirti executed the PO and returned it to SSI.

15.     The PO requires, among other things:

MATERIAL TO MEET ALL PROJECT SPECIFICATIONS

TESTING REQUIREMENTS INCLUDED

See Exhibit B, at p1 (emphasis original).

16.     The PO further states:

Terms and Conditions

South State, Inc. ("South State" or Buyer) expressly limits acceptance of this Purchase Order to the terms and condition herein….

1.     ***This Purchase Order is expressly limited to the Terms and Conditions contained herein.   Buyer expressly rejects any other Terms and Conditions that may be set forth on any form used or submitted by Seller in connection with this transaction.***   Seller is required to sign this Purchase Order, accepting all terms and conditions herein, and return the executed copy to Buyer…. the performance by Seller of any obligation required by this Purchase order, shall be considered acceptance by the Seller of this Purchase Order and its Terms and Conditions.

…

4.   Seller warrants that all goods and services provided in connection with this Purchase Order shall (i) meet or exceed Buyer's specifications and at least conform to any samples provided by Seller, (ii) be of good quality, merchantable, and fit for [B]uyer's particular purpose, (iii) manufactured and/or installed in compliance with applicable Federal, State and Local laws, statutes, regulations, codes and rules.  Seller agrees to remedy any defect within two (2) business days.  The failure to remedy a defect within two (2) business days shall give Buyer the right to remedy said defect, and to hold Seller responsible for the cost of same including attorneys' fees.

…

7.   To the fullest extent permitted by law, Seller shall indemnify, hold harmless and defend Buyer, its agents, consultants, and employees, against all claims, damages, losses, and expenses experienced by Buyer or a third party, including but not limited to attorneys' fees, cost of suit, disbursements, and defense costs arising out of or in connection with Seller's performance, non-performance, or defective performance of the Purchase Order.

…

12.   ***No waiver of any of the terms and conditions of this Purchase Order shall be binding on the Buyer unless the waiver is made in writing and signed by the Buyer.***  A written waiver shall not be deemed continuing waiver, but shall apply only to the instance for which the specific waiver written waiver is direct.

…

14.   ***Buyer shall have the sole and exclusive right to determine whether any dispute, controversy, or claim arising out of or relating to this Purchase Order, or breach thereof, shall be submitted to a court of law*** or arbitrated under the auspices of the American Arbitration Association in accordance with the Construction Industry Arbitration Rules.  ***The venue of such court action*** or arbitration proceeding ***shall be in the jurisdiction in which the Project is located, or in Cumberland County, New Jersey, as Buyer, in its sole discretion may elect to the exclusion of all other jurisdictions….Seller shall submit itself to the personal jurisdiction and venue of the court…selected by Buyer, to the exclusion of all other forums and jurisdictions.  The Seller knowingly and affirmatively waives any and all rights to contest Buyer's selection of forum, including, but not limited to, any rights based upon forum non conveniens***.

15.   ***No change to this Purchase Order shall be effective unless in writing, and signed by the party against whom enforcement thereof is sought.***

Exhibit B, at p2 (emphasis supplied).

17.     SSI never agreed, in writing or otherwise, to any waiver or modification of the terms and conditions of the PO.

<u>The Breach of Contract</u>

18.     On January 7, 2020, SSI notified IRM/Kirti that the cone fenders supplied by them for the Project did not meet the performance and composition testing requirements of the Project Specifications and therefore had been rejected by PhilaPort.

19.     IRM/Kirti failed to remedy that defect within two (2) business days as required by the PO.

20.     The cost of SSI to replace the defective cone fenders from an alternative supplier is $863,006.40.

21.     Moreover, IRM/Kirti failed to deliver various other essential components of the Fenders within the timeframe required by the PO, despite time being of the essence. <u>See</u> Exhibit B, at p2; ¶6.

22.     As a direct and proximate result, SSI has and will incur significant additional costs in procuring replacement components, including costs associated with any delays on the Project.

**COUNT I**
**(Breach of Contract)**

23.     Each of the preceding paragraphs are incorporated and repeated by reference herein as if set forth at length.

24.     The PO is a valid and binding contract between SSI and IRM/Kirti.

25.     As set-forth above, IRM/Kirti have materially breached the PO by providing defective materials and failing to timely deliver all required Fender components.

26.   As a direct and proximate result of the aforesaid breach, SSI has been damaged in excess of $75,000.00

**WHEREFORE**, Plaintiff South State, Inc. demands judgment against Defendants IRM Offshore and Marine Private Limited and Defendant Kirti International, Inc jointly, severally, and in the alternative, for:

A.  Compensatory Damages.

B.  Consequential Damages.

C.  Attorney's fees, interest, and costs of suit.

D.  Such other and further relief as the Court may deem just and proper.

**COUNT II**
**(Breach of Implied and Express Warranties)**

27.   Each of the preceding paragraphs are incorporated herein and repeated by reference herein as if set forth at length.

28.   By way of the foregoing, IRM/Kirti expressly and impliedly warranted the fitness of their materials for use on the Project, but they breached that warranty.

29.   As set-forth above, SSI notified IRM/Kirti of the defects in their materials but they failed to remedy the defective materials.

30.   As a direct and proximate result, SSI has been damaged as set-forth above.

**WHEREFORE**, Plaintiff South State, Inc. demands judgment against Defendants IRM Offshore and Marine Private Limited and Defendant Kirti International, Inc. jointly, severally, and in the alternative, for:

A.  Compensatory Damages.

B.  Consequential Damages.

C.  Attorney's fees, interest, and costs of suit.

D.   Such other and further relief as the Court may deem just and proper.

## COUNT III
### (Common Law and Contractual Indemnification)

31.     Each of the preceding paragraphs are incorporated herein and repeated by reference herein as if set forth at length.

32.     To the extent PhilaPort has made or may make a claim that SSI is liable for damages or delays on the Project related to the Fenders, then without admitting any such allegation, SSI states that any liability it may have is based upon non-active, passive, and non-contributory conduct, and the actions and omissions of IRM/Kirti, as set forth above, among other things, were the active, primary and contributory cause of any and all such injuries, damages, or losses, if any, sustained by PhilaPort.

33.     As such, SSI is entitled to contribution and to be indemnified and held harmless by IRM/Kirti.

34.     Moreover, as a result of entering into the PO, IRM/Kirti agreed and accepted responsibility to hold SSI harmless from any and all liability, attorney's fees, and costs of suit as may be incurred arising from a claim by PhilaPort related to the Fenders.

35.     Accordingly, SSI is entitled to contractual indemnification from IRM/KIRTI

**WHEREFORE**, Plaintiff South State, Inc. demands judgment against Defendants IRM Offshore and Marine Private Limited and Defendant Kirti International, Inc jointly, severally, and in the alternative, for any and all sums of money which may be found due and owing from South State, Inc. to the Port of Philadelphia, together with attorney's fees, interest, costs of suit, and such other and further relief as the Court may deem just and proper.

## COUNT IV
### (Declaratory Judgment Pursuant to 28 U.S.C. § 2201 et seq)

36.    Each of preceding paragraphs are incorporated herein and repeated by referenced herein as if set forth at length.

37.    The quotation provided by IRM/Kirti on May 16, 2019, purports to require that the law of India govern the contract between the parties and that exclusive jurisdiction for any disputes is in the Court of Ahmedabad, India.  See Exhibit A, at p5.

38.    However, SSI did not sign or accept that quotation and, instead, IRM/Kirti executed the PO on May 22, 2019, which, as set-forth above, provides for exclusive jurisdiction in the courts were the Project is located if SSI initiates suit in that jurisdiction.

39.    When IRM/Kirti signed the PO, they attempted to incorporate additional terms into the PO by reference to their initial quotation, however because SSI did not sign or otherwise manifest acceptance of those terms, they are not included in the contract pursuant to paragraph 1 of the Terms and Conditions of the PO.

40.    The PO therefore requires IRM/Kirti to submit to the exclusive jurisdiction of the courts where the Project is located and to waive any and all jurisdictional defenses.

41.    The Project is located in Philadelphia, Pennsylvania and the United States District Court of the Eastern District of Pennsylvania is located in Philadelphia, Pennsylvania.

42.    Accordingly, because SSI has initiated this litigation in United States District Court of the Eastern District of Pennsylvania, this Court has exclusive jurisdiction over the parties for the purposes of this litigation.

43.    As described above, an actual and justiciable controversy exists between SSI and IRM/Kirti concerning the jurisdictional terms of the PO.

44.    As a party to the PO, SSI has an interest in the resolution of that controversy.

45.    A declaration of the parties' respective rights and obligations with respect to the PO is not contingent on any future occurrence.

46.    As such, this Court has jurisdiction under the Federal Declaratory Judgments Act, 28 U.S.C. § 2201 et seq., to issue judgment declaring the respective rights and obligations of the SSI and IRM/Kirti with respect to the PO.

**WHEREFORE,** Plaintiff South State, Inc. demands judgment against Defendants Defendants IRM Offshore and Marine Private Limited and Defendant Kirti International, Inc. jointly, severally, and in the alternative, for:

A.  A declaration that this Court has sole and exclusive jurisdiction over the dispute between parties arising from the Project and that IRM/Kirti have submitted to the personal jurisdiction of the Court for the purposes of this litigation.

B.  Attorney's fees, interest and costs of suit.

C.  Such other and further relief as the Court may deem just and proper.

**HANKIN SANDMAN PALLADINO, WEINTROB & BELL, PC**

Date:  January 17, 2020

_____ [CGB9170]_____
John F. Palladino, Esq., Attorney ID # 323870
Colin G. Bell, Esq., Attorney ID # 323217
Hankin Sandman Palladino Weintrob & Bell, P.C.
30 S. New York Avenue
Atlantic City, NJ 08401
(609)-344-5161
john@hankinsandman.com
coling@hankinsandman.com

# EXHIBIT A



**IRM** OFFSHORE AND MARINE ENGINEERS PVT. LTD.

## <u>TECHNO-COMMERCIAL PROPOSAL</u>

**To,**                                        **Ref. No.:** IRM/Q-672/0711/18-19

**Southstate Inc.,**                     **Date     :** 05/16/2019
**NJ**

**Job:**
**Phila Port.  Packer Ave. Marine Terminal.**
3460 North Delaware Avenue
Philadelphia, Pennsylvania 19134
USA

**Dear Sir,**

**SUB.:**      **YOUR REQUIREMENT OF CONE FENDERING SYSTEM & CAST STEEL BOLLARD.**

**REF.:**      **YOUR E-MAIL DATED 05TH NOVEMBER, 2018.**

**PROJECT:**      **UPGRADE  OF  FENDERING  SYSTEM  AT  PACKER  AVENUE  MARINE           TERMINAL PHASE-2.**

With reference to above, we are pleased to submit our Techno Commercial Proposal as below:

A. *Quotation*

B. *Commercial Terms*

C. *Drawing of cone fender system DCN 1600H*

D. *Performance graph of DCN 1600H*

E. *Catalogue page – Cone fender*

F. *Drawing of Cast steel Bollard 100 Ton*

G. *Proposed Paint datasheets of frontal frame*

H. *Credential*

In the meanwhile, we are pleased to inform you that IRM is a 54 years old company in operation since 1964.    Our manufacturing facility in India has been certified by Bureau Veritas (IMS certification covering ISO 9001:2015, ISO 14001: 2015 & BS OHSAS 18001: 2007).  We also hold a Manufacturer's Capability Certificate issued by them.  We are supplying our products across the globe to more than 76 countries for both Offshore and Marine application.

As for the Marine Fenders, we manufacture both Solid and Floating Fenders.  In solid fenders we make the smallest Cylindrical Fender to biggest size Cone and Cell Fenders.  We have all in-house facility for Designing, Manufacturing and testing of various types of Fendering Systems under one roof right from compounding of

    

707, Nandoli Road, Village Rancharda, Via Thaltej – Shilaj, Ahmedabad – 382 115, Gujarat, India.
Phone : +91-2764-260244, 260292/293/294, Fax : +91-2764-260245  Email : sales@irmome.com  Website : www.irmome.com
USA Office Address : 2406  Beluche Dr., Galveston, TX 77551,USA, Tel : 409 740 1229, Fax : 409 740 1229 Email : sales@irmome.us



Rubber to Final Testing of the Fenders and fabrication of all the related material like Anchor Bolts, Frontal Frames, Chain assemblies and Fascia Pad.   As for floating Fenders (both Pneumatic & Foam) we manufacture fenders ranging from 500 mm ø to 4500 mm ø and up to 12000 mm Long and all the fenders are manufactured and tested as per ISO 17357: 2014.

We are an approved supplier of various Government and Private Port Authorities in India, Middle East and some of the European & African countries like Goro Port Facilities – Noumea, DP World – Dubai & India, Sharjah Port, Alexandria Port, Port Said, Haifa Port, Piraeus Port etc. We have supplied Huge Pneumatic Fenders and Hydro-Pneumatic Fender to Indian Navy, Hellenic Navy, Italian Navy, Royal Navy – UK, U S Navy to name a few.

We are also an approved supplier of various EPC Contractors like Larsen & Toubro Ltd. – India, Afcons Ltd. – India, Six construct – UAE, Dutco Balfour Beatty – UAE, Overseas AST – UAE, McDermott – UAE / Singapore/ Mexico, Archirodon Gulf Co. Ltd. – UAE, Hyundai Engineering & Construction Co. Ltd. – Korea, Saipem, NPCC – UAE, Hyundai Heavy Industries – Korea etc.

We have our own R&D and Testing Laboratory to carry out all the testing required as per the International Standards and as per PIANC guide lines and have obtained Type Approval Certificate accordingly. Our manufacturing facilities and quality system are recognized by all renowned TPI agencies like LLOYDS, ABS, DNV, BVIS, EIL, IRS, MECON, etc.

We trust our offer would be in line with your requirement. Should you require any information kindly feel free to us and oblige.

**Thanks & regards**

**For, IRM OFFSHORE AND MARINE ENGINEERS PVT. LTD.**

**Dharmesh Patel.**

**Encl: As above**

**Products offered in this Quote are fall under BUY AMERICAN ACT ALL STEEL ARE DOMESTIC.**
   1) **Bollards are 100% Manufactured in USA**
   2) **Fender system**
      **Rubber and it's components are manufactured in India Frontal Frame Manufactured In Houston TX. So it MIXED MANUFACTURING FENDER SYSTEM TO COMPLY BUY AMERICAN ACT. (BUY AMERICA ACT CONSIDER 51% OR MORE VALUE OF ITEM OFFERED IN LINE ITEM MANUFACTURE IN USA. WHICH IS HERE MORE THEN 78% WE OFFER FROM USA.**
   3) **Chain Made in USA by LISTER CHAIN.**

    

707, Nandoli Road, Village Rancharda, Via Thaltej – Shilaj, Ahmedabad – 382 115, Gujarat, India.
Phone : +91-2764-260244, 260292/293/294, Fax : +91-2764-260245  Email : sales@irmome.com  Website : www.irmome.com
USA Office Address : 2406  Beluche Dr., Galveston, TX 77551,USA, Tel : 409 740 1229, Fax : 409 740 1229 Email : sales@irmome.us



**OFFSHORE AND MARINE
ENGINEERS PVT. LTD.**

## QUOTATION

| Southstate Inc | Quotation No. | : | IRM/Q-672/0711/18-19 |
|---|---|---|---|
| **Attn: Jeff** | Date | : | 2/5/2019 |
| | Your Ref. No. | : | E-mail |
| **Job:** | Date | : | |
| **Packer Ave. Marine Terminal, PA** | | | |
| **USA** | | | |

| NO | Description | Qty Nos | Rate/No's in USD | Amount in USD |
|---|---|---|---|---|
| 1 | Supply of **"DIPTI" Cone fender system Model : DCN 1600H** as per our drawing Enclosed. As per Buy America | 24 | $45,000.00 | $1,080,000.00 |
| 2 | Supply of **"DIPTI" Double Bitt Cast Steel Bollard of 100T capacity** Primer Finished Hardware . 100% Manufacture in USA | 0 | $3,775.00 | $0.00 |
| | **SUB TOTAL** | | | $1,080,000.00 |
| 4 | Rubber Testing charges | 1 | $4,350.00 | $4,350.00 |
| 5 | USA Testing for First fender and one additional fender testing done at Lehigh | 1 | $22,000.00 | $22,000.00 |
| | **Grand Total** | | | $1,106,350.00 |

**Notes:**
1. Product liability insurance is not included in quoted price.
2. Design approval if required by certified Engineer in USA is not included in quoted price.
3. Above quoted prices are for supply of material only till job site or GC's Yard. Loading and unloading at yard will be to GC's account.
4. Above price Consider Mix Made In USA and imported  (As per  BUY AMERICA )
5. Above price is valid if all qty mentioned in bid will placed at same time?
6. Chain production time will be 270 days ARO.

**For, IRM OFFSHORE AND MARINE ENGINEERS PVT. LTD.**

**Dharmesh Patel**

    

707, Nandoli Road, Village Rancharda, Via Thaltej – Shilaj, Ahmedabad – 382 115, Gujarat, India.
Phone : +91-2764-260244, 260292/293/294, Fax : +91-2764-260245  Email : sales@irmome.com  Website : www.irmome.com
USA Office Address : 2406  Beluche Dr., Galveston, TX 77551,USA, Tel : 409 740 1229, Fax : 409 740 1229 Email : sales@irmome.us



# COMMERCIAL TERMS

| | |
|---|---|
| Price | CIF Philadelphia Job site, USA by sea |
| Currency | USD |
| Packing & Forwarding | Included in our quoted price |
| Transportation | Included in our quoted price |
| Terms of Payment | Net 30<br><br>Delayed Payment Charges:<br>In case the Purchaser fails to make the payment within the due date as specified in the order, interest charges @ ½ % of the invoice value per week of delay will be levied. |
| Delivery | Within 6-7 Months Ex-works. Shipping Time extra. OR TBD<br><br>Delivery period will be reckoned from the date of receipt of FINAL approved drawing & advance payment. |
| Inspection | By BVIS / DNV GL.<br>(Inspection in India at our works).<br>(Testing in USA is considered as cost provided) |
| Warranty | Our products are warranted against any manufacturing defects for a period of 12 months from the date of installation and 18 months from the date of supply whichever is earlier. However warranty shall not be applicable in case of accidental damages and damages due to normal wear and tear.<br><br>Disclaimer: The Rubber products are very sensitive to handling and storage. They hence has to be stored, handled and installed as per the storage, handling and protection / installation and maintenance instructions provided. The product warranty would cease to exist if the products are not handled /stored / installed / maintained appropriately as per the manufacturer's recommendations. |
| Validity | 30 days |
| Order Amendments / Change in Design | We shall be able to accommodate the minor changes without any commercial impact in specifications up to 5 days from the date of receipt of LOI / PO, for which we should get, approved drawings within 10 days from the date of its submission.<br><br>Subsequently any changes in the specification and other terms shall entail revision of delivery and price. |

    

707, Nandoli Road, Village Rancharda, Via Thaltej – Shilaj, Ahmedabad – 382 115, Gujarat, India.
Phone : +91-2764-260244, 260292/293/294, Fax : +91-2764-260245   Email : sales@irmome.com   Website : www.irmome.com
USA Office Address : 2406  Beluche Dr., Galveston, TX 77551,USA, Tel : 409 740 1229, Fax : 409 740 1229 Email : sales@irmome.us



| Drawing | In case of any disputes / deviations in material specification and dimensions, our approved drawing would prevail over all other documents. |
|---|---|
| Jurisdiction | The order shall be governed and construed in all respect in accordance with the Laws of India and shall be subject to the exclusive jurisdiction of the Court of Ahmedabad, India. |
| Cancellations | In case of cancellation of LOI / PO, following cancellation charges will be paid by the purchaser.<br><br>50%   : Within 1 month of LOI / PO<br>100% : After 1 month of LOI / PO |
| Force Majeure | No liability shall be attached to us for non-performance or delayed execution of the order as a result of "Force Majeure" |
| Liability | We shall not be responsible for any losses due to consequential damages.<br><br>In any case our liability shall not exceed 10% of the purchase order value. |

**For, IRM OFFSHORE AND MARINE ENGINEERS PVT. LTD.**


**Dharmesh Patel.**







707, Nandoli Road, Village Rancharda, Via Thaltej – Shilaj, Ahmedabad – 382 115, Gujarat, India.
Phone : +91-2764-260244, 260292/293/294, Fax : +91-2764-260245   Email : sales@irmome.com  Website : www.irmome.com
USA Office Address : 2406  Beluche Dr., Galveston, TX 77551,USA, Tel : 409 740 1229, Fax : 409 740 1229 Email : sales@irmome.us

# EXHIBIT B



# SOUTH STATE, INC.

P.O. BOX 68
Bridgeton, NJ 08302
Ph: (856) 451-5300



Fax: (856) 455-3461

**PURCHASE ORDER**

| JOB NO.: | 19-005 | P.O. NO.: | 19-005-21 | P.O. DATE: | 5/16/2019 |
|---|---|---|---|---|---|

PAGE 1 OF 2

***SHOW THIS ORDER NUMBER AND COMPLETE MARKS ON ALL PACKAGES, SHIPPING PAPERS AND INVOICES***

| VENDOR: | KIRTI INTERNATIONAL | SHIP TO: | SOUTH STATE, INC. |
|---|---|---|---|
| | 2705 61 ST #D | | PACKER AVE MARINE TERMINAL |
| | GALVESTON TX 77551 | | PHILADELPHIA, PA |
| PH: | 8322137124 | | |
| FAX: | | | |
| ATTN: | DHARMESH@HOTMAIL.COM | ATTN: | JEFF STRING |

| DELIVERY REQUIREMENT TO JOBSITE | FREIGHT MODE | TAX EXEMPT | F.O.B. | FREIGHT TERMS |
|---|---|---|---|---|
| AS REQUIRED | COMMON CARRIER | NO | DESTINATION | PREPAID     ADD |
| | DEL. SERVICE | | | COLLECT     COD |
| | | | | MATERIAL CERTIFICATION REQUIRED |
| TERMS OF PAYMENT: | | | | AT TIME OF DELIVERY |

| TASK CODE | DESCRIPTION | UNIT | QUANTITY | UNIT PRICE | TOTAL |
|---|---|---|---|---|---|
| | DIPTI CONE FENDER | EA | 24.00 | $ 45,000.00 | $ 1,080,000.00 |
| | RUBBER TESTING | LS | 1.00 | $ 4,350.00 | $ 4,350.00 |
| | FENDER TESTING PER CONTRACT REQUIREMENTS | LS | 1.00 | $ 22,000.000 | $ 22,000.00 |
| | | | | | $ - |
| | | | | | $ - |
| | | | | | $ - |
| | | | | | $ - |
| | | | | | $ - |
| | | | | | $ - |
| | MATERIAL TO MEET ALL PROJECT SPECIFICATIONS | | | | $ - |
| | TESTING REQUIREMENTS INCLUDED | | | | $ - |
| | COATING IN ACCORDANCE WITH PROJECT PLANS AND SPECIFICATIONS | | | | $ - |
| | PRICING TO INCLUDE SHOP DRAWINGS AND SUBMITTALS | | | | $ - |
| | SYSTEMS MUST MEET THE BUY AMERICA REQUIREMENTS | | | | $ - |
| | CAST IN HARDWARE AVAILABLE BY 8/1/19 | | | | $ - |
| | FENDER DELIVERY STAGE 1 BY 11/1/19 | | | | $ - |
| | Chian Delivery time 240 days we will try to expedite but as of now it is same | | | | $ - |
| | All Material will delivered to Job site or Southstate Yard Loading Unloading is not in our scope. | | | | $ - |
| | Payment is Net 30 on progress invoice method. | | | | $ - |
| | | | | | $ - |
| | we will send all cast in hardware along with few fender in first container. and priobable rest | | | | $ - |
| | all fenders come before Nov 2019. | | | | $ - |
| | | | | | $ - |
| | Other terms are as per our quote IRM/Q-672/0711/18-19 | | | | $ - |
| | | | | | $ - |
| | | | | | $ - |
| | | | | | $ - |
| | | | | | $ - |
| | | | | | $ - |

FURNISH AND DELIVER THE PREVIOUS IN CONFORMANCE WITH PLANS AND
SPECIFICATIONS PREPARED BY THE ENGINEER FOR THIS PROJECT. ALTERATION
OF ANY OF THE TERMS, RENDER IT VOID. NO PAYMENTS WILL BE MADE PRIOR TO
RETURN OF SIGNED PURCHASE ORDER.

*FAILURE TO EXECUTE THIS DOCUMENT WITHIN FIVE (5) DAYS OF THE P.O. DATE SHALL
CONSTITUTE ACCEPTANCE OF ALL TERMS AND CONDITIONS SPECIFIED HEREIN.*

| | | |
|---|---|---|
| | SUBTOTAL: | $ 1,106,350.00 |
| SALES TAX: | 0.000% | $ - |
| | P.O. TOTAL AMOUNT: | $ 1,106,350.00 |

**SOUTH STATE, INC.**
ISSUED BY:            JEFFREY STRING

                        SIGNATURE
PROJECT MANAGER
AUTHORIZED AGENT

ACKNOWLEDGED

BY:

SIGNATURE
DHARMESH PATEL
AUTHORIZED AGENT

DATE : 05/22/2019





# SOUTH STATE, INC.

**P.O. BOX  68**
Bridgeton, NJ 08302
Ph: (856) 451-5300
Fax: (856) 455-3461

**PURCHASE ORDER**

| JOB NO.: | 19-005 | | P.O. NO.: | 19-005-21 | | P.O. DATE: | 5/16/2019 |

PAGE 2 OF 2

***SHOW THIS ORDER NUMBER AND COMPLETE MARKS ON ALL PACKAGES, SHIPPING PAPERS AND  INVOICES***

## Terms and Conditions

South State, Inc. ("South State" or "Buyer") hereby expressly limits acceptance of this Purchase Order to the terms and conditions herein, including those on the front side of this document, as well as any attachments and/or specifications for the goods, materials, and/or services being purchased as set forth herein.

1.    This Purchase Order is expressly limited to the Terms and Conditions contained herein.  Buyer expressly rejects any other Terms and Conditions that may be set forth on any form used or submitted by Seller in connection with this transaction, subject to the terms of Section 3 hereof.  Seller is required to sign this Purchase Order, accepting all Terms and Conditions herein, and return an executed copy to Buyer.  The Seller's retention of this Purchase Order for five (5) days without giving written notice of any objection to Buyer, or the performance by Seller of any obligation required by this Purchase Order, shall be considered acceptance by Seller of this Purchase Order and its Terms and Conditions.

2.    If Seller's invoice is subject to a payment discount, either based on cash payment or payment within a certain time after delivery, the discount period for the goods shall be calculated from the date of the signed invoice, or when the goods are received by the Buyer, whichever date is later.  All other payment terms of the invoice shall be calculated from the date the invoice or the goods are received by Buyer, whichever date is later.

3.    At the time of shipment to Buyer, if Seller's list price for the goods specified by this Purchase Order is less than the price on the face of this Purchase Order, Buyer shall be billed at the lesser price.  All prices are FOB to the place of destination listed on the face of the Purchase Order, unless specifically stated otherwise on the face of the Purchase Order.  Seller shall be responsible for any damage to Buyer that may occur during shipment of materials.

4.    Seller warrants that all goods and services provided in connection with this Purchase Order shall (i) meet or exceed Buyer's specifications and at least conform to any samples provided by Seller; (ii) be of good quality, merchantable, and fit for buyers particular purpose; (iii) be manufactured and/or installed in compliance with all applicable Federal, State, and Local laws, statutes, regulations, codes, and rules.  Seller agrees to remedy any defect within two (2) business days.  The failure to remedy a defect within two (2) business days shall give Buyer the right to remedy said defect, and to hold Seller responsible for the cost of same including attorneys' fees.

Except as to latent defects, after delivery of goods by Seller, Buyer shall have sixty (60) days to inspect, test, and reject any goods.  With respect to latent defects, Buyer shall have a reasonable time after discovery of such defect to reject the goods.  Storage and return of any rejected goods shall be at the risk and at the expense of the Seller.  Buyer may reject the whole or part of any delivery that may be defective or fail in any manner to conform with the requirements/conditions of this Purchase Order.  If defective and/or non-conforming goods are provided, Buyer has the sole option to cancel this Purchase Order.  Payment by Buyer does not constitute acceptance of defective/non-conforming goods or the waiver of any rights by Buyer.

5.    Before Seller provides goods and/or services that exceed what is specified in this Purchase Order, Seller must receive written approval from Buyer.  It is an express condition precedent to payment that Seller receive written approval for additional or extra material and/or services.  Buyer shall have no obligation to pay for materials, goods, or services not authorized by a written Purchase Order, or a written amendment to same.

6.    **Time is of the essence for this Purchase Order.**  All goods and/or services shall be delivered or provided by the date set forth in this Purchase Order.  If the goods and/or services are not delivered or provided by the date specified, Buyer may refuse the goods, cancel all or part of the Purchase Order, and Seller will be responsible for Buyer's damages, including but not limited to consequential, incidental, special damages, and any attorneys' fees.  If the Purchase Order is silent as to shipping date, Seller shall notify Buyer in writing of the proposed shipping date.  If said shipping date is not satisfactory to Buyer, Seller shall conform the shipping date to Buyer's requirements at no extra cost to Buyer.

7.    To the fullest extent permitted by law, the Seller shall indemnify, hold harmless, and defend Buyer, its agents, consultants, and employees, against all claims, damages, losses, and expenses experienced by the Buyer or a third party, including but not limited to attorneys' fees, cost of suit, disbursements, and defense costs arising out of or in connection with Seller's performance, non-performance, or defective performance of the Purchase Order.

8.    Upon written notice to Seller, Buyer may deduct damages from the breach of any provision of this Purchase Order from any amount shown as due to Seller, or any subsidiary, division, affiliate, parent corporation of Seller, on any invoice, whether or not the deduction in the invoice is related to the same sale, or series of sales of the same goods.  In addition to any other rights and remedies under this Purchase Order, or at Law, the Buyer may, without any liability to the Seller, cancel this Purchase Order, in whole or in part, at any time by written notice, if any one or more of the following events shall occur:

 a.    Default in performance on the part of the Seller;

 b.    Failure of the Seller to make sufficient progress in the work, or Seller ceases to acknowledge requests for performance by the Buyer;

 c.    Any of Seller's mix designs, samples, or test strips are rejected or failed by the owner of the project for which Buyer intended to purchase Seller's product or services;

 d.    Seller ceases to conduct its operations in the normal course of business; or

 e.    Seller becomes insolvent or makes or attempts to make an assignment for the benefit of creditors, or proceedings are commenced by or against Seller under any bankruptcy, reorganization, insolvency, dissolution, or liquidation or a trustee, receiver, liquidator, or conservator for Seller has been appointed.

9.    Seller is responsible to pay to Buyer all taxes, assessments, or other Federal, State, or Local government charges required to be paid by Buyer upon the production, sale, delivery, or use of the goods and/or services covered by this Purchase Order.

10.    In the event of fire, flood, strike, labor problems, accident, war, act of God, or other causes beyond the control of Buyer, that interfere with Buyer's use or sale of the goods and/or services covered by this Purchase Order, then at Buyer's option, delivery under this Purchase Order may be suspended and/or cancelled in whole or in part.

11.    Seller shall not assign any of its rights or duties under the Purchase Order without Buyer's written consent.  Any purported assignment of rights or duties otherwise shall be deemed null and void, and a default in performance.

12.    No waiver of any of the terms and conditions of this Purchase Order shall be binding on the Buyer unless the waiver is made in writing and signed by the Buyer.  A written waiver shall not be deemed a continuing wavier, but shall only apply  to the instance for which the specific written waiver is desired.

13.    The Seller's price for all materials shall be held firm for all quoted material covered under this purchase order.  The Seller expressly recognizes that it shall be paid no escalation costs for any Material purchased by the Buyer under this agreement no matter to what degree the material costs escalate during the term of this Purchase Order.

14.    Buyer shall have the sole and exclusive right to determine whether any dispute, controversy, or claim arising out of or relating to this Purchase Order, or breach thereof, shall be submitted to a court of law or arbitrated under the auspices of the American Arbitrations Association in accordance with its Construction Industry Arbitration Rules.  The venue of such court action or arbitration proceeding shall be in the jurisdiction in which the Project is located, or in Cumberland County, New Jersey, as Buyer, in its sole discretion may elect to the exclusion of all other jurisdictions.  The Seller must make a written request to Buyer to determine whether the dispute shall be submitted to a court or to arbitration.  Buyer shall respond to the Seller's request within ten (10) business days after receipt thereof.  Buyer's response shall identify whether the matter will be submitted to a court or to arbitration and the Seller shall submit itself to the personal jurisdiction and venue of the court or arbitration proceeding selected by Buyer, to the exclusion of all other forums and jurisdictions.  The Seller knowingly and affirmatively waives any and all rights to contest Buyer's selection of forum, including, but not limited to, any rights based upon forum non conveniens.  Seller knowingly and affirmatively waives any and all rights to trial by jury.  In the event of a default by Seller, Buyer shall be entitled to reasonable attorneys' fees and costs as part of Buyer's damages, whether or not litigation or arbitration occurs.  Buyer shall also be entitled to its reasonable attorneys' fees and costs if it is the prevailing party in any litigation or arbitration, such fees and costs including those incurred in the collection of a judgment or award entered against Seller.

15.    No change to this Purchase Order shall be effective unless in writing, and signed by the party against whom enforcement thereof is sought.

| SOUTH STATE, INC. | ACKNOWLEDGED |
| --- | --- |
| ISSUED BY: | |
| SIGNATURE<br>_JEFFREY STRING_ | |
| PROJECT MANAGER | BY: |
| AUTHORIZED AGENT | SIGNATURE |

_An Equal Opportunity Employer_

JS 44 (Rev 02/19)                              **CIVIL COVER SHEET**                        20-CV-349

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

**I. (a) PLAINTIFFS**

South State, Inc

**(b)** County of Residence of First Listed Plaintiff    Cumberland
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Colin G Bell, Esq , Hankin Sandman Palladino Weintrob & Bell
30 S New York Ave , Atlantic City, NJ  08401
(609) 344-5161

**DEFENDANTS**

IRM Offshore and Marine Engineers Private Limited
Kirti International, Inc

County of Residence of First Listed Defendant    INDIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED

Attorneys *(If Known)*

20   3497

| **II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)* | | **III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* |
|---|---|---|

*(For Diversity Cases Only)*

| | | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|
| ❒ 1  U S Government Plaintiff | ❒ 3  Federal Question *(U.S. Government Not a Party)* | Citizen of This State | ❒ 1 | ❒ 1 | Incorporated *or* Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| ❒ 2  U S Government Defendant | ❒ Diversity *(Indicate Citizenship of Parties in Item III)* | Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated *and* Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| | | Citizen or Subject of a Foreign Country | ❒ 2 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                    Click here for Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❒ 625 Drug Related Seizure of Property 21 USC 881 | ❒ 422 Appeal 28 USC 158 | ❒ 375 False Claims Act |
| ❒ 120 Marine | ❒ 310 Airplane | ❒ 365 Personal Injury - | ❒ 690 Other | ❒ 423 Withdrawal | ❒ 376 Qui Tam (31 USC |
| ❒ 130 Miller Act | ❒ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ❒ 140 Negotiable Instrument | Liability | ❒ 367 Health Care/ | | | ❒ 400 State Reapportionment |
| ❒ 150 Recovery of Overpayment | ❒ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❒ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ❒ 820 Copyrights | ❒ 430 Banks and Banking |
| ❒ 151 Medicare Act | ❒ 330 Federal Employers' | Product Liability | | ❒ 830 Patent | ❒ 450 Commerce |
| ❒ 152 Recovery of Defaulted | Liability | ❒ 368 Asbestos Personal | | ❒ 835 Patent - Abbreviated | ❒ 460 Deportation |
| Student Loans | ❒ 340 Marine | Injury Product | | New Drug Application | ❒ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❒ 345 Marine Product | Liability | | ❒ 840 Trademark | Corrupt Organizations |
| ❒ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❒ 480 Consumer Credit |
| of Veteran's Benefits | ❒ 350 Motor Vehicle | ❒ 370 Other Fraud | ❒ 710 Fair Labor Standards | ❒ 861 HIA (1395ff) | ❒ 485 Telephone Consumer |
| ❒ 160 Stockholders' Suits | ❒ 355 Motor Vehicle | ❒ 371 Truth in Lending | Act | ❒ 862 Black Lung (923) | Protection Act |
| ❒ 190 Other Contract | Product Liability | ❒ 380 Other Personal | ❒ 720 Labor/Management | ❒ 863 DIWC/DIWW (405(g)) | ❒ 490 Cable/Sat TV |
| ❒ 195 Contract Product Liability | ❒ 360 Other Personal | Property Damage | Relations | ❒ 864 SSID Title XVI | ❒ 850 Securities/Commodities/ |
| ❒ 196 Franchise | Injury | ❒ 385 Property Damage | ❒ 740 Railway Labor Act | ❒ 865 RSI (405(g)) | Exchange |
| | ❒ 362 Personal Injury - | Product Liability | ❒ 751 Family and Medical | | ❒ 890 Other Statutory Actions |
| | Medical Malpractice | | Leave Act | | ❒ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❒ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❒ 893 Environmental Matters |
| ❒ 210 Land Condemnation | ❒ 440 Other Civil Rights | **Habeas Corpus:** | ❒ 791 Employee Retirement | ❒ 870 Taxes (U S Plaintiff | ❒ 895 Freedom of Information |
| ❒ 220 Foreclosure | ❒ 441 Voting | ❒ 463 Alien Detainee | Income Security Act | or Defendant) | Act |
| ❒ 230 Rent Lease & Ejectment | ❒ 442 Employment | ❒ 510 Motions to Vacate | | ❒ 871 IRS  Third Party | ❒ 896 Arbitration |
| ❒ 240 Torts to Land | ❒ 443 Housing/ | Sentence | | 26 USC 7609 | ❒ 899 Administrative Procedure |
| ❒ 245 Tort Product Liability | Accommodations | ❒ 530 General | | | Act/Review or Appeal of |
| ❒ 290 All Other Real Property | ❒ 445 Amer w/Disabilities - | ❒ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment | **Other:** | ❒ 462 Naturalization Application | | ❒ 950 Constitutionality of |
| | ❒ 446 Amer w/Disabilities - | ❒ 540 Mandamus & Other | ❒ 465 Other Immigration | | State Statutes |
| | Other | ❒ 550 Civil Rights | Actions | | |
| | ❒ 448 Education | ❒ 555 Prison Condition | | | |
| | | ❒ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

❒ 1 Original Proceeding   ❒ 2 Removed from State Court   ❒ 3 Remanded from Appellate Court   ❒ 4 Reinstated or Reopened   ❒ 5 Transferred from Another District *(specify)*   ❒ 6 Multidistrict Litigation - Transfer   ❒ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
28 U S C Section 1332
Brief description of cause
Breach of Contract to Supply Construction Material

**VII. REQUESTED IN COMPLAINT:**   ❒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P   **DEMAND $**   CHECK YES only if demanded in complaint
**JURY DEMAND:**   ❒ Yes   ☒ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions)*   JUDGE _____   DOCKET NUMBER _____

JAN 21 2020

DATE
01/17/2020
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

20    3497

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 202 Reeves Road, Bridgeton, NJ

Address of Defendant: 707 Nandoli Road, Village Rancharda, Via Thaltej-Shiliaj, Ahmedabad 382 115, Gujarat, India

Place of Accident, Incident or Transaction: Philadelphia, Pennsylvania

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

| | | | |
|---|---|---|---|
| 1 | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2 | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3 | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4 | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above

DATE 01/17/2020      _____      323217 (GB9170)
                     *Must sign here*
                     *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I D # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

| A. | *Federal Question Cases:* | B. | *Diversity Jurisdiction Cases:* |
|---|---|---|---|
| ☐ 1 | Indemnity Contract, Marine Contract, and All Other Contracts | ☑ 1. | Insurance Contract and Other Contracts |
| ☐ 2 | FELA | ☐ 2 | Airplane Personal Injury |
| ☐ 3 | Jones Act-Personal Injury | ☐ 3. | Assault, Defamation |
| ☐ 4 | Antitrust | ☐ 4 | Marine Personal Injury |
| ☐ 5. | Patent | ☐ 5. | Motor Vehicle Personal Injury |
| ☐ 6. | Labor-Management Relations | ☐ 6. | Other Personal Injury *(Please specify)* _____ |
| ☐ 7 | Civil Rights | ☐ 7 | Products Liability |
| ☐ 8. | Habeas Corpus | ☐ 8 | Products Liability – Asbestos |
| ☐ 9. | Securities Act(s) Cases | ☐ 9. | All other Diversity Cases |
| ☐ 10 | Social Security Review Cases | | *(Please specify)* _____ |
| ☐ 11 | All other Federal Question Cases | | |
| | *(Please specify)* _____ | | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, _____ Colin G. Bell, Esq. _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☐ Relief other than monetary damages is sought

JAN 21 2020

DATE 01/17/2020      _____      323217 (GB9170)
                     *Sign here if applicable*
                     *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I D # (if applicable)*

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P 38



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

SOUTH STATE, INC.                          :         CIVIL ACTION

v.                                         :         **20      349**

IRM OFFSHORE AND MARINE ENGINEERS PRIVATE  :
LIMITED and KIRTI INTERNATIONAL, INC.      :         NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus · Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security ·· Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                              ( )

(e) Special Management · Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                       (X)

(f) Standard Management  Cases that do not fall into any one of the other tracks.        ( )


| 1-17-2020 | Colin G. Bell, Esq. | South State, Inc. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 609-344-5161 | 609-344-7913 | coling@hankinsandman.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JAN 21 2020